## JAUNCEY and others, appellants, *vs.* RUTHERFORD, respondent.

Where an executor, devisee, or any other person who is interested in establishing a will of real estate, applies to the surrogate to have the will proved, it is only necessary to give notice of such application to the heirs at law of the decedent. And if the surrogate admits the will to probate, it seems it is sufficient for the heirs at law, where they wish to appeal from the decision, to make those who applied to the surrogate for probate of the will, parties to the appeal; leaving other persons, who are interested in sustaining the decision of the surrogate, to come in as interveners, before the appellate court, and make themselves parties to the appeal, if they wish to become such parties.

Upon the abatement of a suit depending in the court of chancery, upon an appeal from the decision of a surrogate, or of a circuit judge, the parties must proceed to revive the suit according to the ordinary practice of the court of chancery in reviving a suit which has abated during the pendency of an appeal to the chancellor from a decree or order of a vice chancellor.

Where the proceedings upon the appeal are abated by the death of a party, whose interest, by that event, is cast upon his heirs at law or personal representatives, the proceedings may be revived upon a simple petition for that purpose; according to the provisions of the revised statutes in the analogous case of an original suit in the court of chancery. And if the abatement occurred by the death of the respondent before he had answered the petition of appeal, the petition to revive should pray that his heir, or representative, against whom it is sought to revive the proceedings, may appear and answer the petition of appeal within the eighty days allowed by the statute, or that the appellant be heard ex parte.

But if, by the death of a party to the appeal, his interest is not cast upon his heirs or personal representatives, the proceedings must be revived upon a petition in the nature of a bill of revivor and supplement. And the proper mode of compelling the new parties to answer such petition and the petition of appeal, is to serve a subpœna upon them; as in the case of a bill of revivor and supplement.

Whether a new trustee is necessary to be appointed, in any suit or proceeding in the court of chancery, in cases where the trust has devolved upon that court under the provisions of the revised statutes, and where the real parties in interest are before the court; *Quære?*

THIS was an ex parte application, on the part of the appellants, to revive an appeal from a decision of the circuit judge of the first circuit affirming a sentence or decree of the surrogate of the city and county of New-York; which decree admitted to record, as a valid will of real estate, an

August 17.

VOL. IX.                    35

instrument propounded by the respondent Rutherford, as the last will and testament of William Jauncey deceased. By the instrument admitted to record the decedent appeared to have devised his real and personal estate to Rutherford and three other persons, as trustees, to receive the rents and profits of his real estate and the interest and income of his personal property, and to pay, out of such rents and income, to his niece Jane Mary Thorne, wife of Herman Thorne, an annuity of £2000 sterling for her separate use, during her life, and a further annuity of £500 sterling for the support and education of her children until the youngest of them should attain the age of twenty-one. A house and lot on Broadway and New-street were also devised to Mrs. Thorne for life, with remainder to her daughter Angeline in fee if she survived the mother, or if she died in the lifetime of the mother, then to others of the children of Mrs. Thorne. Some other houses and lots were devised to William Jauncey Thorne and James Jauncey Thorne, severally, in fee. But the trustees were authorized to receive the rents and profits during the minority of these devisees respectively, for the general purposes of the will. Various pecuniary legacies and some specific bequests were also given by the will. And by the residuary clause all the rest of the decedent's property was devised and bequeathed to William Jauncey Thorne in fee, when he arrived at the age of twenty-one years.

The petition of the appellants stated that William Jauncey died in 1828, leaving them his only heirs at law; that two of the executors named in his will died in his lifetime or shortly after his death, and that a third one, who was still living, renounced the execution of the will and refused to accept the trust therein contained, and never acted as executor or trustee; that in September 1835, John Rutherford, as the only acting executor and trustee, offered the instrument for proof and for record as the will of Jauncey the decedent, and cited the appellants to appear before the surrogate and show cause why the same should not be proved and recorded; that they appeared and opposed the

proof of the same, but the surrogate decided that the will was duly proved, and ordered and decreed the same to be admitted to record as a will of real estate ; that they then appealed to the circuit judge, who affirmed the decision of the surrogate ; from which last decision they appealed to the chancellor, within the time allowed by law for that purpose, and filed their petition of appeal, and procured a return of the proceedings to this court, in January, 1840 ; that before any further proceedings were had upon such appeal, Rutherford died ; and that Mary Rutherford his widow was the executrix of his will. The petitioners further stated that beneficial interests in the estate of the decedent Jauncey, were by his supposed will devised to the said Jane Mary Thorne wife of Herman Thorne, Angelina Jauncey Thorne wife of Louis Depeau, James Jauncey Thorne, William Jauncey Thorne, and Mary Jauncey Thorne, most of whom were now residing in France, and to several other persons named in the petition. The petition also stated that William Jauncey Thorne died after the death of the decedent Jauncey ; but it did not state whether he died intestate, or who were his heirs at law. Neither was it stated in such petition whether Mrs. Thorne had any other children than those named, who were interested in the real estate under the will or in the rents and profits thereof, as contingent remaindermen or otherwise.

*H. V. D. Van Epps,* for the petitioners.

THE CHANCELLOR. This petition presents several new questions of practice, arising under the provisions of the revised statutes relative to uses and trusts, as to the proper manner of reviving proceedings on appeals from the decisions of surrogates and circuit judges.

By the provisions of this will, as the law was at the time of the death of Jauncey, in 1828, the legal title to the whole of his real estate vested in the executors who did not renounce the trust. And if the revised statutes had not changed the law, that legal title would have descended

1841.

Jauncey
v.
Rutherford.

to the heirs of the respondent Rutherford, charged with the trust; and they would have been the proper persons against whom the proceedings upon this appeal should have been revived. The 68th section of the article of the revised statutes relative to uses and trusts, (1 *R. S.* 730,) however, declares that upon the death of the surviving trustee of an express trust, the trust estate shall not descend to his heirs, nor pass to his personal representatives, but the trust, if then unexecuted, shall vest in this court, with all the powers and duties of the original trustee; and may be executed by such person as the court may appoint for that purpose. The 47th and 48th sections of the same article of the revised statutes, (*Idem,* 728,) have also turned all mere naked trusts in real property, not connected with any power of actual disposition or management, into legal estates in the cestuis que trust; of the same quality and duration, and subject to the same conditions, as their beneficial interests in such property. And when the purposes for which an express trust has been created shall have ceased, the estate of the trustee in the land also ceases. (1 *R. S.* 730, § 67.) By the operation of these several statutory provisions, upon the beneficial interests which this will purports to convey in the decedent's real estate, the legal title to some portions of such estate is now vested in the heirs at law of the deceased son of Mrs. Thorne, if he died without a will. The title to certain other portions of it is vested in her son James, if he has arrived at the age of twenty-one; and the remainder in fee in certain other portions, subject to the life estate of Mrs. Thorne in the same, or in the rents and profits, is vested in the persons beneficially interested therein after her death. And the trust, during her life, has, as to the last mentioned portions, devolved upon the court of chancery, by the death of Rutherford the trustee; who had the right of management by receiving the rents and profits thereof during the life of Mrs. Thorne, if the personal estate was not sufficient to pay the annuities charged upon the testator's property.

The article of the revised statutes relative to wills of

real property and the probate of them, authorizes any executor or devisee, or any person interested in real estate under a will, to apply to the surrogate to have such will proved, upon due notice to the heirs at law of the decedent; without directing any proceedings for the purpose of making other persons, interested in establishing the will, parties before the surrogate, or respondents in an appeal from his decision, or from the decision of the circuit judge, where the will is decided to be duly executed and is admitted to record. (2 *R. S.* 57, § 7, 8, 9.) It is probably sufficient, therefore, for the heirs at law who wish to appeal from such a decision, to make the other parties to the proceedings before the surrogate who have an interest in sustaining the will, respondents in the appellate court, by calling upon them to answer the petition of appeal; and leaving other persons who are interested in sustaining the decision of the judge *a quo*, to come in as interveners before the judge *ad quem*, and make themselves parties to the proceedings there, if they shall think proper to do so.

When such an appeal abates by the death of the sole respondent therein and his interest as devisee is cast upon his heirs at law, there can be no difficulty in ascertaining who are the proper parties against whom the suit is to be revived. As to the manner of reviving the proceedings, upon such an appeal, the practice is as plain. The 120th section of the article of the revised statutes relative to writs of error and appeals directs this court to prescribe, by rule, the course of practice upon appeals to the court of chancery from judgments or determinations of courts of common pleas in relation to the estates of habitual drunkards, and on appeals from surrogates and the decisions of circuit judges in cases where an appeal is given to the chancellor. (2 *R. S.* 611.) And the 118th rule of this court, made in pursuance of this statutory direction, prescribes that upon such appeals the proceedings shall be conducted by solicitors and counsel, and by the guardians ad litem of minors, *according to the ordinary practice of this court in other*

1841.<br>Jauncey<br>v.<br>Rutherford.

*cases*: except as is in that rule otherwise directed. That rule contains no special directions as to the course of practice in reviving proceedings upon appeal which have become abated or defective by the death of either of the parties to such appeal. The proceedings, therefore, must conform, as far as practicable, to the analogous proceeding to revive an ordinary suit in the court of chancery, and which was pending before the chancellor upon appeal from a vice chancellor at the time of the abatement thereof. In cases where the interest of the deceased party is cast upon his heirs or personal representatives, so that in an ordinary case the suit could be revived by petition merely, according to the provisions of the title of the revised statutes relative to the court of chancery, (2 *R. S.* 184, § 109, *&c.,*) the appellant, or his legal representatives in case of his death, may proceed in the same manner to revive the suit upon the appeal. And where the respondent has died before answering the petition of appeal, the petition to revive should pray that his heir or representative, against whom it is sought to revive the proceedings, may appear and answer the petition of appeal within the time prescribed by the statute, after service of the copy of the petition and order, or that the appellant be heard ex parte. (2 *R. S.* 184, § 116.)

The difficulty in the present case, however, arises from the fact that by the provisions of the revised statutes relative to uses and trusts, the interest of the respondent in the subject matter of the appeal is not cast upon his heirs by his death; nor has his personal representative any interest in sustaining the decision of the judge *a quo,* except as to the costs awarded in the court below, if costs were given there. And even those costs may belong to the cestuis que trust if they have been paid to the representative of the trustee, or retained by him out of the income of the trust property. It is, therefore, not a case in which, in the analogous proceeding in an ordinary suit in this court, the suit could be revived by a simple bill of revivor, or a petition under the statute. But a bill in the nature of a bill

of revivor and supplement would be necessary. (*Douglass v. Sherman,* 2 *Paige's Rep.* 358.) The proper course, therefore, to get the necessary parties before the court, to enable me to dispose of this appeal, appears to be by a petition in the nature of a bill of revivor and supplement, stating the proceedings before the surrogate and circuit judge, and in this court upon the appeal, the death of the sole trustee who had not renounced the trust, and the several parties or persons who have now any interest in the real estate under the alleged will, or any interest in sustaining the decree appealed from ; and praying that they may appear and answer the said petition, or disclaim, or that the allegations in the petition may be taken as confessed, and the appeal stand revived against them, and that they also answer the petition of appeal or that the appellant be heard ex parte. And the service of a subpœna to appear and answer the petition, in the nature of a bill of revivor and supplement, appears to be the proper mode of notifying those who are intended to be made parties and who can be found within the jurisdiction of the court ; and as to absentees, the usual order to advertise should be obtained, if they do not voluntarily appear in the suit.

The present petition is defective in several particulars. It appears that William Jauncey Thorne, the residuary devisee and legatee under the will, survived the testator and that he has since died. But it is not stated whether he died intestate, or devised his estate or interest in these lands to others than his heir at law, or who is such heir. These particulars should be stated for the purpose of showing who now represents that interest. Whether a new trustee is necessary in any case where the trust has devolved on the court, under the statute, and where the cestuis que trust are all made parties to a suit in this court, is a question not necessary now to be decided. But to enable the court to appoint a new trustee, it must distinctly appear that the whole object of this trust, so far as the real estate is concerned, has not ceased. The necessary facts, however, are not stated in the petition to enable me to form an

opinion whether any thing remained to be done by the trustee in relation to any part of this real estate at the time of his death, or if so, whether any thing still remains to be done by a new trustee, if one should be appointed. Neither does the prayer of the petition conform to the opinion which I have just expressed in reference to what the proper prayer of a petition to revive should be, under the circumstances of this case.

The petitioners are, therefore, to be permitted to withdraw their petition, and to present or file a new one in the proper form, containing all the necessary allegations; and to proceed thereon in such manner as they shall be advised.